UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SONTAY T. SMOTHERMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:19-cv-00038-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| H. JOYNER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2013, a jury convicted Sontay T. Smotherman on drug trafficking and firearm charges, and the trial court sentenced him to 10 years in federal prison. *See United States v. Smotherman*, No. 2:12-cr-055 at Rs. 209, 240 (S.D. Ohio 2013). Smotherman is now an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Smotherman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1].

Smotherman claims in his petition that, starting on March 21, 2019, he asked multiple prison officials to allow him to participate in the Bureau of Prisons' (BOP's) Residential Drug Abuse Program (RDAP). [R. 1-1 at 2]. Indeed, Smotherman attaches to his petition three e-mails that he sent to prison officials making this request—one to the prison's Psychology Services Department on March 21, 2019 [R. 1-2], one to an Executive Assistant within the prison on April 19, 2019 [R. 1-3], and one to the Warden on April 22, 2019 [R. 1-4]. Smotherman claims that he also tried to hand a printed copy of his request to an unnamed prison official on April 22, 2019, but that official would neither accept nor read his request and, instead, walked away. [R. 1-1 at 2]. Therefore, one week later, Smotherman drafted his habeas petition and filed it with this Court. Ultimately, Smotherman suggests that prison officials are violating 18 U.S.C. § 3621 by not immediately determining whether he is eligible for the RDAP. [R. 1-1 at 2-3].

Smotherman's petition is now before this Court on initial review pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court will deny Smotherman's petition without prejudice because is apparent from the face of his petition that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (recognizing that a federal prisoner must exhaust his administrative remedies before filing a habeas petition under § 2241). Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 U.S.C. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 U.S.C. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 U.S.C. §§ 542.15 and 542.18.

Here, Smotherman makes it clear that he has not yet fully exhausted his administrative remedies. While Smotherman recently tried to resolve this matter informally, he only contacted the Warden about the RDAP on April 22, 2019, just one week before he signed his petition in this case. Thus, the Warden's time period to respond has not yet expired; in fact, as of the date of this Opinion, the Warden still has time to respond to Smotherman's administrative request.[1] In this situation, where a petitioner's failure to exhaust is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See John Kenney v. J. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

---

[1] This is true even if Smotherman did try to hand a printed copy of his request to another prison official who refused to accept or read it, as Smotherman claims in his petition [R. 1-1 at 2].

Ultimately, while this Court will only deny Smotherman's present petition without prejudice, meaning that he can later file a new habeas petition regarding this matter, Smotherman's best bet is to fully pursue his remedies within the BOP. After all, it is the BOP that has the authority to determine a prisoner's place of imprisonment, including but not limited to his participation in the RDAP. *See Mann v. Snyder-Norris*, No. 0:16-cv-088-HRW at R. 11 at 4-5 (E.D. Ky. 2017) (emphasizing this point when denying a prisoner's similar § 2241 petition on the merits).

Accordingly, it is **ORDERED** that:

1. Smotherman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 7th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge